IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BROCK GROUP, INC. | § § § § § | REMOVED FROM CAUSE NO. 2016-76472 80TH JUDICIAL DISTRICT HARRIS COUNTY |
| VS. | § § | CIVIL ACTION NO. _____ |
| AIG SPECIALTY INSURANCE COMPANY, PETRIN CORPORATION AND ZACHRY INDUSTRIAL, INC. | § § § § | JURY |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant AIG Specialty Insurance Company ("AIG Specialty") hereby removes to this Court the civil action now pending in the 80th Judicial District Court in Harris County, Texas, styled *The Brock Group, Inc. v. AIG Specialty Insurance Company, Petrin Corporation and Zachry Industrial, Inc.*, cause no. 2016-76472, on the following grounds:

### I.   Procedural History and Timeliness of Removal

1. Brock filed its Original Petition on November 3, 2016.

2. AIG Specialty was served through the Texas Department of Insurance on November 16, 2016.

3. Brock filed its First Amended Petition on November 22, 2016.

4. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty days after service of Plaintiff's Original Petition on AIG Specialty and has been filed within one year of commencement of this action.

## II. Plaintiff's Claims

5. In its First Amended Petition, Brock alleges that the instant lawsuit stems from damage to a 248-foot scaffold at a Dow Chemical Company ("Dow") facility. (Pet. ¶ 8–14) Dow engaged Brock to design, engineer, and provide the scaffold which other contractors could use to perform work on an ethylene column at the facility. (Pet. ¶ 9)

6. An inspection on March 26, 2015 allegedly revealed that the scaffold was structurally failing on two levels. Repairs to the scaffold allegedly caused a work delay from March 26, 2015 through April 11, 2015. (Pet. ¶ 13–14)

7. Dow alleged that Brock improperly and defectively designed the scaffold, and demanded $16 million as resulting damages. (Pet. ¶ 17) Brock settled Dow's claim for $8 million. (Pet. ¶ 18)

8. Brock alleges that other contractors working on the project—Petrin Corporation ("Petrin") and Zachry Industrial Inc. ("Zachry")—caused the scaffolding damage. Specifically, Brock alleges that Petrin negligently allowed "massive and excessive amounts of sand to accumulate and remain on various levels of the scaffolding," and that Zachry made "unauthorized modifications to the scaffold." (Pet. ¶ 11–12) Brock alleges negligence, contribution, and indemnity against Petrin and Zachry as "alternative claims." (Pet. ¶ 36–42)

9. Against AIG Specialty, Brock alleges breach of contract and Texas Insurance Code violations due to denial of Brock's claim under a contractor's professional and pollution liability policy. (Pet. ¶ 20–35)

### III.     Basis for Removal:  Diversity Jurisdiction

10.     Complete diversity exists between Brock, AIG Specialty, and Petrin.  Brock has no viable causes of action against Zachry, the only defendant with Texas citizenship. Zachry should be disregarded for purposes of federal jurisdiction because it has been fraudulently joined. Fraudulent joinder can be established by demonstrating the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

11.     In this case, Brock has no cause of action against Zachry.  Dow alleged damages due to faulty scaffolding, and Brock admittedly settled that claim.  Brock now asserts that Zachry was either solely or jointly responsible for the scaffolding failure. However, "a defendant can settle only his proportionate share of a common liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim."  *Beech Aircraft v. Jinkins*, 739 S.W.2d 19, 22 (Tex. 1987).  Under Texas law it is a well established principle that a joint tortfeasor who settles a lawsuit is not entitled to contribution from other tortfeasors.  *Int'l Proteins, Corp. v. Ralston–Purina Co.,* 744 S.W.2d 932, 934 (Tex. 1988); *Filter Fab, Inc. v. Delauder*, 2 S.W.3d 614, 617 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Texas law presumes that Brock settled with Dow only for Brock's own liability— not also for the liability of Zachry and Petrin.  Under Texas law, Brock cannot maintain its claims against Zachry for damages caused to Dow.

12.     Additionally, under Louisiana law, Brock's claims against Zachry are subject to a one-year prescription period.  *See* LA. CIV. CODE § 3492.  Brock alleges that Zachry

3

negligently altered the scaffolding prior to March 26, 2015.  (Pet. ¶ 12–13)  Because Brock filed suit against Zachry well past the one-year prescription period, it cannot maintain a claim against Zachry under the law of Louisiana, where this incident occurred.

13. Because Brock has no viable cause of action against Zachry under the laws of Texas, where Brock filed suit, or Louisiana, where the incident occurred, Zachry is a nominal and fraudulently-joined defendant whose citizenship should be disregarded for purposes of federal jurisdiction.

14. Petrin is diverse and consents to this removal.  *See* Exhibit B, Declaration of Counsel.  Nevertheless, Petrin is also a nominal defendant whose citizenship need not be considered, and whose consent need not be obtained, for purposes of removal.  *See Acosta v. Master Maintenance & Constr., Inc.*, 452 F.3d 373, 379 (5th Cri. 2006).  As is the case with Zachry, Brock cannot maintain its contribution claim against Petrin under Texas law, and Brock's causes of action against Petrin exceed the prescription period under Louisiana law.  *See Jinkins*, 739 S.W.2d at 22; *Ralston–Purina.,* 744 S.W.2d at 934; *Delauder*, 2 S.W.3d 617; LA. CIV. CODE § 3492.

### IV. Defendant Has Satisfied Procedural and Venue Requirements for Removal

15. As required by 28 U.S.C. § 1446(a) and the Southern District's Local Rules, copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 80th District Court of Harris County, Texas are attached collectively as Exhibit A.

16. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

17. AIG Specialty and Petrin consent to removal of this case to federal court. *See* Exhibit B. Consent of Zachry is not necessary because it is a fraudulently-joined defendant, as set forth above. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (consent of fraudulently-joined defendant not required for removal).

### V. Jury Demand

18. Brock has demanded a jury trial in the state court action. (Pet. ¶ 45)

### VI. Conclusion

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, Defendant AIG Specialty Insurance Company gives notice that the matter bearing cause no. 2016-76472 in the 80th District of Harris County, Texas is removed to the United States District Court for the Southern District of Texas, Houston Division. Defendant requests that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

**WRIGHT & CLOSE, LLP**

*/s/ Thomas C. Wright*
Thomas C. Wright
State Bar No. 22059400
Federal ID No. 2729
Attorney in Charge
Henry S. Platts, Jr.
State Bar No. 00784770
Federal ID No. 15316
J. Andrew Love
State Bar No. 24007471
Federal Bar No. 23997
Elizabeth Rivers
State Bar No. 24052020
Federal ID No. 1038865
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
wright@wrightclose.com
platts@wrightclose.com
love@wrightclose.com
rivers@wrightclose.com

***Counsel for Defendant,***
***AIG Specialty Insurance Company***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record by electronic filing notification, on this 15th day of December, 2016.

| | |
|---|---|
| J. James Cooper<br>Reed Smith LLP<br>811 Main Street, Suite 1700<br>Houston, Texas 77002<br>jcooper@reedsmith.com<br>    *Lead Attorney for Plaintiff,*<br>    *The Brock Group, Inc.* | ☒ Electronic Service<br>☐ Email<br>☐ Certified Mail<br>☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery |
| Caitlin R. Garber<br>Reed Smith LLP<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>cgarber@reedsmith.com<br>    *Of Counsel for Plaintiff,*<br>    *The Brock Group, Inc.* | ☒ Electronic Service<br>☐ Email<br>☐ Certified Mail<br>☐ U.S Mail<br>☐ Facsimile<br>☐ Hand Delivery |

                                        */s/ Thomas C. Wright*
                                        Thomas C. Wright