UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| The Brock Group, Inc., | § |
|  | § |
| Plaintiff, | § |
|  | § |
| versus | §     Civil Action H-16-3665 |
|  | § |
| AIG Specialty Insurance Company, et al., | § |
|  | § |
| Defendants. | § |

# Opinion Dismissing Zachry

1. *Introduction.*

   After a scaffold had structural damage at a company's plant, the company settled with the contractor that built the scaffold. The contractor's insurer denied coverage. The contractor sued the insurance company and two other firms that it claimed were partly responsible. The contractor did not sufficiently plead its claim against one of those firms. It will be dismissed.

2. *Facts.*

   Dow Chemical Company engaged three contractors. No contractor had an agreement with another. The work was done at Dow's petrochemical plant in Hahnville, Louisiana. Dow hired Zachry Industrial, Inc., to do mechanical work on an ethylene column. Dow hired Petrin Corporation to sandblast. Dow hired the Brock Group to design and build a 248-foot scaffold to allow the others to work on the ethylene column. AIG Specialty Insurance Company insures Brock for its professional liability.

   On March 26, 2015, inspectors discovered that the scaffold's structure was failing. Repairing it delayed work on the column. In July, Dow sent a letter to Brock claiming that it had lost $16 million from the scaffold delay. Dow said that Brock had defectively designed the scaffold. Brock wrote AIG in November to tell it about Dow's claim. In February of 2016, AIG denied coverage. On

March 28, 2016, Dow and Brock settled for $8 million. In the agreement, Brock did not claim to settle anyone else's liability.

Brock's analysis of the cause says that it did not build it to the design. Its load ratings were not accurate, and it did not identify missing pieces during inspections. It notes that sand accumulated on the scaffold as a result of Petrin's blasting but does not say whether the accumulated sand caused the damage. In the additional observations section, Brock mentions that others might have removed handrails without authorization. In an email, Brock told AIG that an "authorized" modification caused the scaffold failure.

Brock did not support a prima facie case against Zachry.[1] Brock now says that Zachry removed a handrail on the scaffold without authorization. As proof, Brock offered two pictures – one of a section of the scaffold with a bent leg and without a handrail and one of a tag with Zachry's name on it attached to a nearby pipe. The tag has neither date nor explanation.

Brock says that Louisiana law applies.

3. *Negligence.*

Brock has not plausibly pleaded negligence. No evidence shows that the absence of this handrail caused the structure to fail. No evidence shows that the handrail was ever attached to the scaffold. No evidence shows that Zachry removed it. No evidence shows that if Zachry removed it, it did so without authorization.

The picture shows only a section of the scaffold without a handrail. The tag with Zachry's name does not say what Zachry did, when it did it, why it attached the tag, or whether what it did was authorized.

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

4.  *Contribution.*

Brock is liable only for its own fault, and contribution among tortfeasors has been eliminated in Louisiana.[2] Even if Zachry were also at fault, it could not be made to contribute to Brock.

5.  *Indemnity.*

Brock and Zachry do not have a contract. Without a contract, a party that has paid a claim but is not at fault may be indemnified by the actual party at fault.[3] Brock admits fault. Zachry does not have to indemnify it.

6.  *Subrogation.*

Brock cannot to be step into Dow's shoes to be compensated by Zachry. Brock has not shown that Zachry is responsible at all. Zachry and Brock did not contract with each other. In the Brock – Dow settlement, Brock did not purport to settle anyone else's liability.[4]

7.  *Conclusion.*

Because Brock did not plausibly plead its claim against Zachry, Zachry will be dismissed.

Signed on February 13, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *See Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 02-563 (La. 10/15/02); 828 So. 2d 530.

[3] *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99); 739 So. 2d 183.

[4] *See* La. Civ. Code Ann. art. 1829(3).